SMITH et ux. v. GILLEY.

(Court of Civil Appeals of Texas. Feb. 25, 1911. Rehearing Denied April 1, 1911.)

BOUNDARIES (§ 46*)—RESURVEY—RIGHTS OF PARTIES.

Where there was an excess of land in a block over the acreage embraced in the original field notes, and all but one of the owners of a tier of sections signed an agreement for a resurvey and adjustment of boundaries, one of the signers could not recover a strip from another in conformity to the resurvey, where thereby the latter would lose a portion of the land embraced in the original field notes of his land, because of his inability to obtain any land from the one who refused to sign.

[Ed. Notes.—For other cases, see Boundaries, Cent. Dig. §§ 249–251; Dec. Dig. § 46.*]

Appeal from District Court, Hall County; S. P. Huff, Judge.

Action by J. W. Gilley against M. S. Smith and wife. From a judgment in favor of plaintiff, defendants appeal. Reversed.

H. D. Spencer and Elliott & Bryant, for appellants. Stovall Johnson, for appellee.

DUNKLIN, J. There is an excess of land in block 1, S. P. Ry. Co. survey, in Hall county, over and above the aggregate acreage embraced in the original field notes of the different sections comprising that block. The block is seven sections in width from east to west, and according to the original field notes of the surveys each section is 1 mile square. With these distances as a basis, the block would be 7 miles in width from east to west; but by actual measurement on the ground the distance between the east and west boundaries of the block is 112 varas in excess

of 7 miles. This would give an excess to each tier of sections in the block running from east to west across the block an excess of land consisting of a strip 1 mile long from north to south and 112 varas wide from east to west. One tier of sections extending across the block from east to west consists of sections 51, 107, 108, 109, 110, 111, and 112; the section first named being the east section, and the other sections extending west and lying contiguous to each other in the order named. The owners of six of the sections in that tier, being sections 51 to 111, inclusive, in the order named above, executed an agreement in writing to have the block resurveyed, to divide the excess in that tier of sections between the owners ratably, and to establish the boundary lines between the different sections; but J. W. Morrison, the owner of section 112, refused to sign it. As noted already, section 112 adjoins section 111 and lies west of it. The entire block was resurveyed pursuant to the agreement, and by this resurvey a strip of land 16 varas in width from east to west was added to each section, thus giving each section a width of 1,916 varas from east to west, instead of 1,900 varas, the width called for in the original field notes. This resurvey began on the east side of the block; the strip proposed to be added to the east section being taken from the section adjoining it on the west, and the west boundary of each succeeding section, proceeding west, was established in such manner as to give its north and south boundaries a length of 1,916 varas. Establishing the boundaries in this manner, the east boundary of section 111, which was the sixth section from the east boundary of the block, was established 80 varas west from its location as fixed by its original field notes, and its west boundary was established 96 varas west of its location as fixed by its field notes.

M. S. Smith, appellant herein, owns the N. W. ¼ of section 111, and J. W. Gilley, appellee, owns the N. E. ¼ of the same section. Pursuant to the agreement Gilley moved his east boundary fence 80 varas west to conform to the lines established by the resurvey, and, Smith having refused to move his east boundary fence in accordance with the lines so established, Gilley instituted this suit to recover the strip of land which he would have acquired out of Smith's present inclosure if Smith had moved his east boundary fence west to conform to the boundaries established by the resurvey of the block; and from a judgment in favor of Gilley for that strip, Smith has appealed.

As shown already, one of the purposes of the parties in making the agreement for a resurvey was a distribution of the excess of land mentioned above among the different owners of the tier of sections mentioned. This could not be accomplished unless all the owners who were required to relinquish their claims to any part of the land covered by the field notes of their respective sections were bound by the agreement, and it is clear that those who signed the agreement did so with the understanding that the same should be operative upon all such owners. J. W. Morrison, who owned section 112, adjoining Smith's land on the west, when the resurvey was made, afterwards sold it to Dr. Greenwood, and the latter sold it to M. H. Miller, and none of these persons was made a party to this suit. Nor was the agreement signed by any of them, and the record fails to show that the agreement was ever enforceable against any owner of section 112. Furthermore, it does not appear that the present owner of 112 is now willing to surrender to Smith any part of the land embraced in the original field notes of that section. As far as the record shows, to enforce the agreement as against Smith would cause him to lose a portion of the land embraced in the original field notes of the northwest quarter of section 111, without receiving in return any portion of the excess in the block, contrary to the purpose of all the parties to the agreement at the time they signed it.

For this reason the court erred in overruling appellant's motion for a new trial, and for this error the judgment is reversed, and the cause remanded.