GILLEY v. SMITH et al.

(Court of Civil Appeals ·of Texas. Amarillo. Dec. 7, 1912. Rehearing Denied Jan. 10, 1913.)

1. BOUNDARIES (§ 55*)—EXCESS LAND—APPORTIONMENT.

Where there is an excess of land left on the west side of a block of land by reason of the fact that the entire tier of surveys from east to west is tied to the east line of the block by specific calls for courses and distances, it would require an agreement by all the owners of such tier of sections before it could be apportioned among them.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 278, 279; Dec. Dig. § 55.*]

2. APPEAL AND ERROR (§ 1002*)—FINDINGS OF FACT BY JURY.

The finding of the jury on conflicting evidence is binding on the appellate court; the weight of the evidence and the credibility of witnesses being for the jury to pass on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Hall County; S. P. Huff, Judge.

Trespass to try title by J. W. Gilley against M. S. Smith and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 135 S. W. 1107.

Stovall Johnson, of Memphis, for appellant. J. M. Elliott, of Memphis, for appellees.

HALL, J. This suit was filed by appellant, Gilley, in the district court of Hall county, in the form of a trespass to try title, and appellant's right to recover is based upon an agreement. made between appellant and some of appellees. This is the second appeal. It appears from the record that block 1, S. ·P. Ry. Co. survey in Hall county, was intended as originally laid off to be seven sections in width from east to west, but it has been ascertained by actual survey beginning at a well-established corner on the east of said surveys that there is an excess or a vacancy of 112 varas. One tier of sections extending across the block from east to west is numbered 51, 107, 108, 109, 110, 111, and 112; the original field notes of said sections showing that they are 1,900 varas in width east and west. It further appears that the agreement mentioned above was drawn up with the intention of having the above-named tier of sections and the 112 varas excess lying west of section 112 resurveyed, and the excess divided· ratably between the owners of said seven sections. But J. W. Morrison, the owner of section 112, refused to sign the agreement. However, ·the survey was made in accordance with the agreement. It is agreed that appellee Miller now has the title to section 112, formerly owned by Morrison, that appellee Smith has title to the W. ½ of section 111, which lies immediately east of section 112, and that appellant Gilley has title to the N. E. ¼ of said section 111. It appears from the record that appellee Swift had at a former term of the district court recovered a' judgment by default against appellant, Gilley, for 16 acres of land off of appellant's quarter section, and that Swift's suit was also based upon the agreement. The original field notes of the seven sections under consideration show that said surveys were established and surveyed from the northeast corner of section 51, and that the surveyor first established the lines of 51 and proceeded west, each survey tying on to the section immediately east of it, and that there are no natural or artificial objects called for in the field notes of any of the surveys other than section 51, by which the footsteps of the surveyor can ·be ascertained. It was held in the former appeal (Smith et ux. v. Gilley, 135 S. W. 1107) that the agreement for distribution of the supposed excess of land contained in the block could not be consummated, unless all the owners of the sections named were bound by the agreement, because it is clear that those who signed the agreement did so with the express understanding that the same should not be operative until it had been signed by all. The statement of facts in this appeal shows that J. W. Morrison, who originally owned section 112, and who so owned it at the time the other parties to this suit signed the agreement, afterwards sold it to Dr. Greenwood, and the latter sold it to H. M. Miller, the present owner. The agreement has never been signed by any of these three

parties, though the evidence is conflicting upon the issue as to whether or not Morrison assented to the arrangement and agreed to sign it. This being the state of the record, it would be inequitable to bind Smith to relinquish his claim to the tract of land sued for by appellant herein, unless he be given the right to reimburse himself for the part so surrendered to appellant out of section 112. To do so would force appellee Smith to lose a portion of the land embraced in the original field notes of the N.- W. ¼ of section 111, without receiving in return any portion of the excess in the block. This is clearly contrary to the purpose and intent of all the parties to the agreement at the time he signed it. It follows that the trial court did not err in instructing the jury to disregard the agreement.

[1] It is insisted by appellant that because the testimony of the surveyor Grundy is to the effect that there is an excess in the block running east and west that the agreement should be enforced. The questions as to whether the 112 varas claimed to be in excess is really an excess in the block, or whether it should be considered as merely vacant, unappropriated land, lying between said block 1 and the block west of it, is not raised by this appeal. But, if it should be unappropriated public domain and belongs to the state, then the parties to this suit would have no right to divide it amongst themselves. If, however, there is an excess between the block lines then by reason of the fact that the entire tier of surveys is tied to the east line of the block by specific calls for course and distance in their respective field notes, it would require an agreement executed by the owners of all of the surveys named before such excess could be apportioned amongst them.

[2] The charge of the court instructs the jury fully upon the issues presented by the pleadings and in express terms the jury found that there was no excess, and this finding is conclusive upon us, however harshly it may operate upon appellant under the circumstances. The finding of the jury was evidently based upon the field notes of the tier of surveys under consideration, showing that the north and south lines of said sections were only 1,900 varas in length, and, while Grundy testified that there was an excess of 112 varas, they had the right to disregard his evidence, and base their verdict in following the footsteps of the surveyor who originally located the block by consideration of the original field notes as returned by him. It was the duty of the trial court to construe the written agreement and declare its legal effect to the jury.

We have not considered the assignments in the order in which they are presented in the brief, and several of them have no propositions or statements following them, and since appellant's brief as a whole sub-mits the issues which we have disposed of by the foregoing general statement, and the record disclosing no reversible error, the judgment is affirmed.

HUFF, C. J., not sitting.